UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT HOKE, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | _____ |
| | § | |
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

The plaintiff, Scott Hoke, ("Plaintiff" or "Hoke"), complains of Equitable Financial Life Insurance Company ("Defendant" or "Equitable"), as follows:

## VENUE AND JURISDICTION

1. Hoke is a citizen of the United States and a resident of the State of Texas.

2. Hoke was a Regional Regional Vice President for Equitable and venue is proper because he has been subjected to unlawful employment practices committed in the State of Texas, Northern District, Dallas Division.

3. Equitable is primarily involved in the business of financial services and insurance.

4. Equitable is a foreign corporation, conducting business in the Northern District and elsewhere, and this action accrued in whole or in part in the Northern District.

5. Equitable may be served with process by serving its registered agent in Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq*.

7. This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable available to secure the rights of Hoke under the ADEA. It is brought to prevent Equitable from maintaining policies, practices, customs or usages of discriminating against Hoke in regard to terms, conditions, and privileges of employment in violation of these statutes.

8. This matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

9. Scott Hoke was born on May 26, 1960, and he is currently age sixty.

10. Hoke commenced working at the predecessor of Equitable, AXA, on June 11, 2007, as a Regional Vice President, and he voluntarily terminated his employment in approximately January 2012. In 2010, Hoke achieved the highest percentage over sales goals of all Regional Vice Presidents in the company. In January 2013, Hoke returned to work at Equitable after being recruited back to his old position. Hoke performed successfully in his role of Regional Vice President.

11. Early in 2017, Hoke began reporting to Fred DeMinico ("DeMinico"), Divisional Sales Manager (approximate current age 49). DeMinico was the fourth Divisional Sales Manager that Hoke reported to during his twelve years of employment at AXA. There was a high level of turnover in the organization at the senior levels throughout the time Hoke was employed.

12. On August 6, 2019, Hoke received a good performance review. Around August of 2019, Jim Crimmins ("Crimmins"), Vice President (approximate current age 52), who had a long tenure at the company and was part of the team, began interacting with the Regional Vice Presidents more frequently. DeMinico had previously said on a weekly conference call that Crimmins was going to take a more active role in the field, although no formal announcement was made about a change in his role. After the 2019 annual sales meeting, on October 4, 2019, DeMinico called Hoke and spoke disrespectfully, threatening Hoke that he needed to hit his sales goals fast. Hoke was not able to meet his goals for September and October 2019, but in December Hoke had a large sale and set a personal record in terms of his monthly sales. Overall, in 2019, Hoke achieved 74% of his annual sales goal.

13. On January 30, 2020, Hoke was provided his 2019 performance review by DeMinico, and it was the first negative review Hoke had received during his long tenure at the company. Hoke's overall $1,116,330 production in December 2019 was the third largest of all of the Regional Vice Presidents for that month. Hoke is aware of at least three other Regional Vice Presidents who missed their goals by a higher percentage than he did. These salespersons were all substantially younger than Hoke.

14. In 2018, Hoke was 95% of his goal. Out of 11 peers, five peers had obtained lower percentages to goal than him. Hoke does not believe any of them received disciplinary actions, PIPs, or were terminated due to not making their sales goals.

15. On March 5th, 2020, just a little over a month after the performance review, Crimmins told Hoke that he was being placed on a 60 days performance improvement plan ("PIP"). Hoke noticed that there was inaccurate information in the PIP. For example, the PIP indicated that Hoke was 77% of goal in 2018, when he had achieved 95% of goal. Hoke objected that the PIP was based on inaccurate assertions about his job performance. Two Regional

Vice Presidents who were substantially younger than Hoke and who had achieved lesser percentage to goal than Hoke, had not been put on PIPs. Most notably, Jeff Ditsworth, who is approximately 42 years old, was the lowest performer in 2018 and third from last worst performer in 2019, and he was not put on a PIP or terminated. On March 17th, 2020, the Regional Vice Presidents were banned from traveling due to Covid, making it significantly harder to meet sales goals.

16. At the end of the 60-day PIP period, Hoke had not met his sales goals in either March or April due to the pandemic. Hoke called Crimmins and asked him about the completion of the PIP period and Crimmins just said he could see Hoke had been working hard and doing a good job staying focused on his goals, and said he should "put his head down and keep working." Crimmins did not have any further discussions with Hoke about the PIP. Hoke continued to work hard to achieve his sales goals despite the inability to travel and difficult business environment due to the pandemic.

17. On June 15, 2020, Crimmins called Hoke and said he had been advised that the decision had been made to terminate him effective June 30, 2020. No explanation was provided as the reason for the termination.

## ADEA

18. Hoke incorporates by reference paragraphs 9 to 17 herein.

19. Hoke was born May 26, 1960 and is currently age sixty. Hoke is a member of the protected age group within the meaning of the ADEA.

20. At all times material to this action, Equitable employed at least twenty employees and is an employer with the meaning of the ADEA.

21. A. Equitable employs more than 100 employees;
    B. Equitable employs more than 200 employees;
    C. Equitable employs more than 500 employees.

22. All conditions precedent to the filing of this suit have been met:

    A. On or around October 22. 2020, Hoke filed a charge of discrimination with the EEOC ("EEOC") alleging age and disability discrimination;
    B. More than 60 days have passed since the date the charge was filed.

37. Hoke alleges that Equitable, in a continuing course of conduct, discriminated against him in the terms, conditions and privileges of employment because of his age, and specifically in subjecting Hoke to less favorable working conditions than those to which younger employees were subjected, including in failing to apply employee rules and/or performance standards equally and in terminating his employment.

38. Hoke alleges that Equitable's age discrimination conduct is willful under the ADEA.

39. Hoke has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, declaratory relief and injunctive relief provided for under the ADEA. Further, Hoke is now suffering and will continue to suffer irreparable injury from Equitable's policies, practices, customs, and usages, set forth herein.

## RELIEF REQUESTED

39. Hoke requests that this Court grant him the following relief from Equitable:

    A. A declaratory judgment against Equitable, declaring its past practices herein complained of to be unlawful under the ADEA;

    B. A permanent injunction, enjoining Equitable from continuing to discriminate against him on account of age, in violation of the ADEA;

    C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Hoke for damages under the ADEA;

    D. Liquidated damages for Equitable's willful violation of the ADEA;

    E.  Implementation of a clear and effective grievance procedure for employment discrimination complaints and advisement to all employees over the age of 40 of Equitable of such grievance provision;

    F.  Attorney fees from Equitable for the prosecution of his ADEA claim;

    G.  Costs for the prosecution of the ADEA claim, including the cost of expert witness fees;

    H.  Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

    I.  Such other general relief to which Hoke is justly entitled.

## JURY DEMAND

40. Hoke demands a jury on all ADEA claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3141 Hood Street, Ste. 200
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff